RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

CA NO:

| | |
|---|---|
| DONNA MANCHESTER and NOEMIA CAMARA: Individually, and on behalf of all others similarly situated : <br> Plaintiffs : <br> : <br> VS. : <br> : <br> MAIN STREET TEXTILES, L.P.,    and : <br> JOAN FABRICS SERVICES L.L.C.  and : <br> JOAN FABRICS CORPORATION : <br> : <br> Defendant : <br> : | **04-10439 RCL** <br><br> MAGISTRATE JUDGE ___Alexander___ |

## CLASS ACTION COMPLAINT

Plaintiffs, **DONNA MANCHESTER and NOEMIA CAMARA**, Individually and on

behalf of all others similarly situated, (hereinafter referred to collectively as "Plaintiffs") by their

attorneys, Brian Cunha &Associates, P.C.,  for their complaint against Main Street Textiles, L.P.,

Joan Fabrics Services L.L.C., and Joan Fabrics Corporation, Defendants, allege under Rule 23 of

the Federal Rules of Civil Procedure and such other applicable laws and statutes as follows for

violation of the Worker Adjustment and Retraining Act (hereinafter referred to as the "Warn

Act") & M.G.L.A. c. 149 § 148.

## I.  PLAINTIFFS

The Plaintiff's claims all derive from the same set of facts and violation of the same statutes and satisfy the numerosity, commonality and adequacy requirements under Rule 23 (a), however, they are divided into sub-classes only for ease of understanding.

### Sub-Class A

1.    Plaintiffs in this class action are representatives of those class of persons who were employees of Main Street Textiles, L.P., who were laid off during the 90 day period prior to the notice issued on October 17, 2003 that "did not receive notice," and were not paid wages and other benefits as required under the "WARN" Act.

### Sub-Class B

2.    Plaintiffs in this class action are representatives of those class of persons who were employees that were laid off prior to October 17, 2003 who "were given notice" as required under the "WARN" Act and were not paid wages and other benefits as required under the "WARN" Act.

### Sub Class C

3.    Plaintiffs in this class action are representatives of those class of persons who were employees that received notice on October 17, 2003 and that were laid off after October 17, 2003 but prior to the expiration of the 60 day "WARN" Act notice period and "were not" paid wages and benefits as required under the act.

### Sub-Class D (State Claim)

4.    All Plaintiffs in this class action include employees that were separated from their employment from the Defendant "MST et al." from July 2003 through December 2003 and "were not" paid vacation pay as required under M.G.L.c. 149 § 148, *Payments of*

*Wages and Commissions.*

## II.  DEFENDANTS

### Defendant - Main Street Textiles, L.P.

5.    The Plaintiff, Individually, and on behalf of all others similarly situated, hereby re-alleges

each and every paragraph numbers 1-4 of the Plaintiff's Complaint as if fully stated herein.

6.    That Main Street Textiles, L.P., (herein after referred to as "MST"), is a Foreign

(Delaware) Limited Partnership, with a principal business office located at 100 Vesper

Executive Park, Tyngsboro, Massachusetts and a manufacturing operations plant located

at 82 Commerce Drive, Fall River, Massachusetts.

7.    That "MST et al." is organized under the laws of the State of Delaware and registered to

do business in the Commonwealth of Massachusetts on July 7, 1994.

8.    That "MST et al. " is a business enterprise that employs more than 100 employees at its

manufacturing plant  located at 82 Commerce Drive, Fall River, Massachusetts.

9.    That the name and address of the resident agent for service for "MST et al." is Joan

Fabrics Corporation, located at 100 Vesper Executive Park, Tyngsboro, Massachusetts.

### Defendant Joan Fabrics Services, L.L.C.,

10.    That Joan Fabrics Services, L.L.C., ("JFS"), is a Foreign Limited Liability Company, with

a principal business office located at 100 Vesper Executive Park, Tyngsboro,

Massachusetts.

11.    That "JFS"  is organized under the laws of the State of Delaware and registered to do

business in the Commonwealth of Massachusetts on January 8, 2003.

12.    That the general character of "JFS" is to engage in the business of administrative services,

and to carry on any related or unrelated lawful business, trade, purpose or activity.

13.    That the name and address of the resident agent for service for "JFS" is Joan Fabrics

Corporation, located at 100 Vesper Executive Park, Tyngsboro, Massachusetts.

## III.  JURISDICTION AND VENUE

14.    The Plaintiff, Individually, and on behalf of all others similarly situated, hereby re-alleges

each and every paragraph 1-13 of the Plaintiff's Complaint as if fully stated herein.

15.    This court has jurisdiction over the Defendants because Defendants are  registered with

the Massachusetts  Secretary of State, do sufficient business in Massachusetts and have

minimum contacts with it, or otherwise intentionally avail themselves of the

Commonwealth of Massachusetts through the sale, manufacture, distribution, and/or

processing of fabrics and/or textile  products in Massachusetts to render the exercise of

jurisdiction over Defendants by this Court consistent with traditional notions of fair play

and justice.

16.    That for claims presented under the "WARN ACT", or Federal law, Venue and

Jurisdiction are proper in this court for as conferred by the  Act under Title  29 U.S.C. §

2104 (5), which states that" a person seeking to enforce such liability, including a

representative of employees aggrieved under paragraph (1) or (3), may sue either for such

person or for other persons similarly situated, or both, in any district court of the United

States for any district in which the violation is alleged to have occurred, or in which the

employer transacts business."

-4-

17.  That for claims presented under State Law, this court, in its discretion, under the principle of Pendent Jurisdiction, may extend its Jurisdiction over a related state law claim where both state and federal claims arise from a common nucleus of operative facts.

18.  That Venue in this court is proper under Massachusetts General Laws as the Plaintiffs in this class action reside in the Commonwealth of Massachusetts and in the County of Bristol.

## IV.  NATURE OF THE CASE

19.  The Plaintiff, Individually, and on behalf of all others similarly situated, hereby re-alleges each and every paragraph numbers 1-18 of the Plaintiff's Complaint as if fully stated herein.

20.  Plaintiffs bring this case as a class action for damages arising from the Defendant's failure to comply with the Worker Adjustment and Retraining Notification Act, [29 U.S.C. §2101-2109 and /or 20 C.F.R. § 639.1-639.10], ( hereinafter referred to as "**WARN ACT**") enacted on August 4, 1988 and made effective on February 4, 1989 and M.G.L.c. 149 § 148, Payment of Wages;  for failure to pay vacation wages.

21.  Employees of Main Street Textiles, L.P., received a notice under the "WARN ACT" on or about October 17, 2003, which informed the employees of the company's decision to permanently discontinue its manufacturing operations in Fall River, Massachusetts.

### Worker Adjustment and Retraining Notification Act

### ["WARN" ACT]

22.  The **"WARN" Act** requires that employers give employees 60 calendar days advance written notice of any plant closing or mass lay which will result in an employment loss at

the employment site if they make up at least 33% or one-third of the employers active

workforce, or if the shutdown will result in an employment loss for 50 or more employees

during any 30-day period.[1]

23.     In order for an employer to decide whether notice is required, the employer is required to

look ahead 30 days and behind 30 -days to determine whether employment actions both

taken and planned will, in the aggregate, for any 30-day period, reach the 1/3 requirement

or 50 employees to be laid off and thus trigger the notice requirement.

24.     An employer is also required to look ahead 90 days and behind 90 days to determine

whether a series of lay offs or employment actions both taken and planned, each of which

separately is not of sufficient size to reach the 1/3 required or 50 persons laid off, in the

aggregate, for any 90-day period, reach the 1/3 or 50 persons minimum numbers for a

plant closing or a mass lay off and thus trigger the notice requirement.

25.     Under Title 20 C.F.R., § 639.5, when all employees are not terminated on the same date,

the date of the first individual termination within the statutory 30-day or 90-day period

triggers the 60 day notice requirement.  A worker's last day of employment is considered

the date of that worker's layoff.  The first and each subsequent group of terminees are

entitled to a full 60 days' notice.

## Reparations and Liability

26.     Aggrieved employees may seek reparations under the "WARN ACT" if an employer

orders a plant closing or mass layoff in violation of 29 U.S.C. §2102, the Worker

---

[1]The "WARN" Act is broader than this definition, but for the purposes of this class action this definition is
sufficient.

Adjustment and Retraining Notification Act.

27.  An employer under the "WARN ACT" shall be liable to each aggrieved employee who suffers employment loss as a result of such closing or lay off for back pay for each day of violation at a rate of compensation not less than the higher of the average regular rate received by such employee during the last three years of the employee's employment; or the final regular rate received by such employee; and benefits under an employee benefit plan, including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan if the employment loss had not occurred.

28.  None of the Plaintiff employees in this class action that were laid off by "MST et al." received vacation pay when laid off. "MST et al. " gave their full time employees two weeks paid vacation every year.

29.  Under State law, employers who choose to provide paid vacation to their employees must treat those payments like any other wages under G.L.c. 149, § 148.  See _Massachusetts v. Morash,_ 490 U.S. 107 (1989).

30.  Like wages, the vacation time promised to an employee is compensation for services which vests as the employees services are rendered. Upon separation from employment, employees must be compensated by their employers for vacation time earned "under an oral or written agreement." G.L.c. 149, § 148. Withholding vacation payments is the equivalent of withholding wages and, as such, is illegal.

31.  The Plaintiffs class action for claims under Federal law and State law arise out of the same transaction and share a common nucleus of operative facts.

## V. CLASS ACTION ALLEGATIONS

32.    The Plaintiff, Individually, and on behalf of all others similarly situated, hereby re-alleges each and every paragraph numbered 1-31 of the Plaintiff's Complaint as if fully stated herein.

33.    Plaintiff brings this action as a class action pursuant to Rule 23 (a) of the Federal Rules of Civil Procedure on behalf of herself and all others similarly situated as members of the proposed Plaintiffs' class.  The proposed class has been divided into sub-classes and is defined as follows:

   **Sub-Class A:** "employees of Main Street Textiles who were aggrieved under Title 29 U.S.C. § 2102 of the "WARN" Act.  The class period is defined as beginning on or about July 17, 2003.

   **Sub Class B:** "employees of Main Street Textiles who were aggrieved under Title 29 U.S.C. § 2102 of the "WARN" Act. The class period is defined as beginning on or about October 17, 2003."

   **Sub Class C:** " employees of Main Street Textiles who were aggrieved under Title 29 U.S.C. § 2102 of the "WARN" Act. The class period is defined as beginning on or about October 17, 2003.

   **Sub Class D/ State Claim:** "all employees of Main Street Textiles who were aggrieved under M.G.L. c. 149 § 148.  The class period is defined as beginning on or about July 17, 2003 and ending on  December 17, 2003.

34.    Specifically excluded from the proposed class are:  (a) all claims for personal injury by Plaintiffs; (b) commercial entities; (c) government entities; (d) Defendants herein, and

any entity in which any Defendant has a controlling interest, and the employees, affiliates,
legal representatives, heirs, successors, or assignees of Defendants; (e) counsel for
Defendants and all firm members, associates, employees and their immediate families; (f)
counsel for Plaintiffs and all firm members, associates, employees and their immediate
families; and (g) any presiding judge and members of their immediate families.

35.    This action may be properly maintained as a class action and satisfies the numerosity,
commonality, typicality and adequacy requirements under Rule 23 (a) of the Federal
Rules of Civil Procedure.

36.    The Plaintiff's class is so numerous that the individual joinder of all members is
impracticable under the standards of Rule 23 (a) of the Federal Rules of Civil Procedure.
While the exact number of class members is unknown to Plaintiffs at this time, it is
estimated that there are hundreds of class members. Class membership is objectively
ascertainable by existing records and appropriate discovery.

37.    Common questions of law and fact arising from the Defendants', illegal conduct exist as
to all members of the class, as required by Rule 23 (a) (2) of the Federal Rules of Civil
Procedure. These common questions predominate over any question which may affect
individual members of the class. These common questions include, without limitation:

   a.    Did the Employer violate the WARN Act by failing to give the appropriate
         notice as required by the WARN Act?

   b.    Did the Employer violate the WARN Act by laying off
         employees prior to the expiration of the 60 day notice
         period without pay?

-9-

        c.      If, the employer did violate the WARN Act, what if any benefits
                    are due to the aggrieved employees?

        d.      Did the Employer violate state law by failing to pay the employees their
                    vacation pay upon separation from employment?

38.    Plaintiff's claims are typical of the claims of the members of the class under Rule 23 (a) of
the Federal Rules of Civil Procedure, since Plaintiff sustained damages arising out of being
laid off prior to the 60 day notice period by the Defendant, Main Street Textiles's,
common course of conduct in violation of federal law as complained of herein.

39.    Plaintiff will fairly and adequately represent the interests of the members of the class as
required by Rule 23 (a) of the Federal Rules of Civil Procedure. Plaintiffs claims are
typical of claims of the Plaintiff's Class and he has no interest that are adverse to the
interests of the class members. Plaintiff has retained competent legal counsel experienced
in litigation of class action and civil litigation.

40.    This action may be maintained under Rule 23 of the Federal Rules of Civil Procedure
because common questions of law and fact predominate over individual questions. A
class action is superior to other available methods for the fair and efficient adjudication of
this controversy since the members of the Plaintiffs' Class are so numerous that individual
joinder of each is impracticable. Furthermore, if separate actions were brought or be
required to be brought, the resulting multiplicity of lawsuits would cause substantial and
undue expense to the court system. Individualized litigation would also magnify the delay
and expense to all parties and the judicial system. In contrast, litigating this matter as a
class action presents far fewer management difficulties and conserves the resources of the

-10-

parties and the court system. Representation by Plaintiff and their attorneys with the

court's oversight, also protects and advances the interests and rights of each class

member.

41.    This action can also be certified under Rule 23 of the Federal Rules of Civil Procedure

because:

   a.    The prosecution of separate actions by individual members of the Plaintiffs
         Class would create a risk of inconsistent or varying adjudications with
         respect to the individual class members which would establish
         incompatible standards of conduct for Defendant, Main Street Textiles;
         and

   b.    The prosecution of separate actions by individual class members would
         create a risk of adjudications with respect to them which would, as a
         practical matter, be dispositive of the interests of the other class members
         not parties to the adjudications, or substantially impair or impede their
         ability to protect their interests.

## VII.  COUNT I

### DONNA MANCHESTER
### And others similarly situated

42.    The Plaintiff, Individually, and on behalf of all others similarly situated, hereby re-alleges

each and every paragraph numbered 1-42 of the Plaintiff's Complaint as if fully stated

herein.

43.    That the Individual and Representative Plaintiff, DONNA MANCEHSTER, is a citizen

of the State of Massachusetts, and currently resides at 700 Second Street, Fall River,

Massachusetts, 02721.

44.    That the Plaintiff, Donna Manchester was laid off from the Defendant Corporation, Joan Fabrics et al. on or about October 3, 2003.

45.    That on October 17, 2003, subsequent to her layoff, the Plaintiff received notification of the mass "layoff" pursuant to the "WARN ACT."

46.    That on or about  October 17, 2003, the defendant "MST et al." gave notice under the "WARN ACT" to all its employees that there was going to be a mass lay off and that those employees that were  laid off prior to the expiration of the 60 day "WARN ACT" notice period would continue receiving wages  for the full 60 day notice period.

47.    That on or about October 17, 2003 and on diverse dates thereafter, many employees were laid off prior to the expiration of the 60 day notice period and were not paid wages for the remainder of the 60 day period.

48.    That on or about October 17, 2003 and on diverse dates thereafter, the employees that were laid off prior to the expiration of the 60 day notice period and were also not paid vacation pay as required under the "WARN ACT" and state law.

49.    That under the "WARN ACT" the employees that were laid off prior to the expiration of the 60 day notice period were entitled to receive wages and other benefits, such as vacation pay, medical benefits and other fringe benefits during that notice period.

50.    That as a result of the Defendant "MST et al. " actions in ordering a mass lay off and not paying the employees for the remainder of the 60 day notice period, the Defendants were in violation of the "WARN ACT".

51.     That as a result of the Defendant "MST's" violation of the "WARN ACT", the plaintiff employees were denied benefits, such as wages, vacation pay, medical benefits and other fringe benefits.

52.     That the Plaintiff Donna Manchester is a representative of those persons who were laid-off prior to October 17, 2003, who were covered employees under the provisions of the "WARN ACT" and received notification in an untimely manner and were not compensated pursuant to the provisions of the "WARN ACT."

53.     That DONNA MANCHESTER, as a Representative of the class was an employee of "MST et al. " and was not given appropriate notice under the WARN ACT nor paid wages or vacation pay after being laid off on or about October 3, 2003.

54.     The Plaintiff also alleges that employees of "MST et al" were laid off between October 17, 2003 and November 7, 2003, who also were entitled to benefits under the "WARN ACT" and did not receive said benefits.

55.     That Donna Manchester as a representative of that class of employees is also making claim on their behalf for all employees that were laid off between October 17, 2003 and November 7, 2003, for benefits owing and due to those employees.

56.     That Plaintiffs in this class action are citizens of the State of Massachusetts.


## COUNT II


57.     The Plaintiff, Individually, and on behalf of all others similarly situated, hereby re-alleges each and every paragraph numbers 1-56 of the Plaintiff's Complaint as if fully stated

-13-

herein.

58.     That the Individual and Representative Plaintiff, NOEMIA CAMARA, is a citizen of the
        State of Massachusetts, and currently resides at 82 Wellington Street, Fall River,
        Massachusetts.

59.     That the Plaintiff, Noemia Camara was laid off from the Defendant Corporation, MST et
        al. on or about September 26, 2003.

60.     That subsequent to her layoff, the Plaintiff did not receive notification of the mass "layoff"
        pursuant to the "WARN ACT."

61.     That on or about  October 17, 2003, the defendant "MST et al." gave notice under the
        "WARN ACT" to all its employees that there was going to be a mass lay off and that
        those employees that were  laid off prior to the expiration of the 60 day "WARN ACT"
        notice period would continue receiving wages  for the full 60 day notice period.

62.     That on or about October 17, 2003 and on diverse dates thereafter, many employees were
        laid off prior to the expiration of the 60 day notice period and were not paid wages for the
        remainder of the 60 day period.

63.     That on or about October 17, 2003 and on diverse dates thereafter, the employees that
        were laid off prior to the expiration of the 60 day notice period and were also not paid
        vacation pay as required under the "WARN ACT" and state law.  (See attached WARN
        ACT notice)

64.     That under the "WARN ACT" the employees that were laid off prior to the expiration of
        the 60 day notice period were entitled to receive wages and other benefits, such as
        vacation pay, medical benefits and other fringe benefits during that notice period.

-14-

65.    That as a result of the Defendant "MST et al. " actions in ordering a mass lay off and not paying the employees for the remainder of the 60 day notice period, the Defendants were in violation of the "WARN ACT".

66.    That as a result of the Defendant "MST's" violation of the "WARN ACT", the plaintiff employees were denied benefits, such as wages, vacation pay, medical benefits and other fringe benefits.

67.    That the Plaintiff is a representative of those persons who were laid-off prior to October 17, 2003, who were covered employees under the provisions of the "WARN ACT" and did not receive notification of the mass lay off and were not compensated pursuant to the provisions of the "WARN ACT."

68.    That Noemia Camara as a Representative of the class was an employee of "MST et al. " was not given appropriate notice under the "WARN ACT" nor paid wages or vacation pay after being laid off on or about September 26, 2003.

69.    The Plaintiff also alleges that employees of "MST et al" who were laid off between October 17, 2003 and November 7, 2003, were entitled to benefits under the "WARN ACT" and did not receive said benefits.

70.    That Noemia Camara as a representative of that class of employees is also making claim on behalf of all employees who were laid off between October 17, 2003 and November 7, 2003, for benefits owing and due to those employees.

71.    That Plaintiffs in this class action are citizens of the State of Massachusetts.

72.    That NOEMIA CAMARA, was an employee of "MST et al. " is a representative of the class and was not given appropriate notice under the WARN ACT nor paid wages or

-15-

vacation pay after being laid off on or about September 26, 2003.

73.   That as a result of the failure of the Defendant "MST" to give proper notice to the
      employees under the "WARN" Act the class members were denied benefits such as,
      wages, vacation pay, medical benefits and other fringe benefits they would have otherwise
      received during the 60 day notice period.

      **WHEREFORE,** Plaintiffs demand judgment in their favor against Defendants as follows:

      a.    A declaration by the court that Defendants, Main Street Textiles and Joan
            Corporation have been and continues to be in violation of the above legal
            duties;

      b.    Awarding Plaintiffs compensatory damages, back pay, including benefits
            and vacation pay as allowed by the WARN Act;

      c.    Awarding Plaintiffs the costs of this lawsuit, including, but not limited to,
            attorneys' fees and costs as authorized by statute and the applicable rules of
            this court;

      d.    An Order mandating that Defendants and its successors and assigns, take
            every action necessary to assure that all relief requested herein is obtained
            and fully funded;

      e.    Awarding Plaintiffs such other, further, and different relief as the court
            may deem appropriate and just; and

      f.    Trial by jury.

## V.  COUNT II

### (State Claim)

74.     The Plaintiff, Individually, and on behalf of all others similarly situated, hereby re-alleges
        each and every paragraph numbered 1-73 of the Plaintiff's Complaint as if fully stated
        herein.

75.     That all employees laid off from July 2003 through November 2003 were not  paid
        vacation pay or their pro rata share of earned vacation pay as required under state law.

76.     That as a result of the Defendant "MST's et al." failure to comply with state law the
        plaintiff employees were denied benefits earned.


## VI.  DAMAGES


77.     The Plaintiff, Individually, and on behalf of all others similarly situated, hereby re-alleges
        each and every paragraph numbered 1-76 of the Plaintiff's Complaint as if fully stated
        herein.

78.     As a result of being laid off for the time period between  July 17, 2003 and October 17,
        2003, without advance notice and without pay, Plaintiffs have suffered damages
        including, but not limited to, lost wages, medical benefits, vacation pay, other economic
        damages, along with costs associated with obtaining counsel.

79.     As a result of being laid off between October 17, 2003 and November 7, 2003, the
        Defendant failed to pay compensation as required under the "WARN ACT", and
        Plaintiffs have suffered damages including, but not limited to, lost wages, medical benefits,

-17-

vacation pay, other economic damages, along with costs associated with obtaining counsel.

80.    As a result of being laid off or separated from employment on or about July 17, 2003 through December 7, 2003 without being paid vacation pay in violation of M.G.L.c. 149 § 148, Plaintiffs have suffered damages including, but not limited to, lost vacation pay, along with costs associated with obtaining counsel.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs demand judgment in their favor against Defendants as follows:

a.    A declaration by the court that Defendants, Main Street Textiles et al. have been and continue to be in violation of the above legal duties;

b.    Awarding Plaintiffs compensatory damages, back pay, including benefits and vacation pay as allowed by the WARN ACT;

c.    Awarding Plaintiffs compensatory damages, back pay, including benefits and vacation pay as allowed by State Law;

d.    Awarding Plaintiffs the costs of this lawsuit, including, but not limited to, attorneys' fees and costs as authorized by statute and the applicable rules of this court;

e.    An Order mandating that Defendants and its successors and assigns, take every action necessary to assure that all relief requested herein is obtained and fully funded;

f.    Awarding Plaintiffs such other, further, and different relief as the court may deem appropriate and just; and

g.    Trial by jury.

Plaintiff, John Doe, Individually, and
on behalf of all other similarly situated,
By their Attorneys,
**BRIAN CUNHA & ASSOCIATES, P.C.**

Brian R. Cunha, Esquire
311 Pine Street
Fall River, MA  02720
Telephone:    (508) 675-9500
Fax:  (508) 679-6360

DATED:  March 1, 2004

-19-


PLAINTIFF'S
EXHIBIT
#1



October 17, 2003

TO:    ALL ASSOCIATES

Dear Associate:

The Company regrets to inform you that Main Street Textiles has made the decision to permanently discontinue its manufacturing operations in Fall River. As a result, the Company expects the plant to close permanently by April 30, 2004. The first separations are expected to occur on or about October 17, 2003. Employees will be laid off at various times subject to the availability of work. Unfortunately, the Company does not know the exact dates that individual employees will be laid off and would like to delay lay offs as long as possible depending on the availability of work. If you are laid off prior to the expiration of the 60 day WARN Act notice period, the Company will continue your pay and benefits for the full 60 day notice period.

 We will keep you informed of any developments as they arise, including the existence of any available dislocated worker assistance. There are no applicable bumping rights for employees. If any additional information is required, please contact Lou-Ann LaPorte at (508) 235-0217.

Sincerely,

Wade Martin

Vice President of Operations