UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONNA MANCHESTER and<br>NOEMIA CAMARA,<br>Individually, and on behalf of all others<br>similarly situated,<br><br>                Plaintiffs,<br><br>VS.<br><br>MAIN STREET TEXTILES, L.P.,<br>JOAN FABRICS SERVICES, LLC and<br>JOAN FABRICS CORPORATION,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)      C.A. NO. 04-10439 RCL |

## ANSWER OF MAIN STREET TEXTILES, L.P., JOAN FABRICS SERVICES, LLC AND JOAN FABRICS CORPORATION

Defendants, Main Street Textiles, L.P. ("Main Street Textiles"), Joan Fabrics Services, LLC and Joan Fabrics Corporation, respond to plaintiffs' Complaint as follows:

Plaintiffs' introductory statements contained in the unnumbered paragraphs on pages one and two of the Complaint contain their general description of their asserted causes of action. As such, no response is required. To the extent that the introductory statements are deemed to contain allegations of fact, they are denied. Moreover, the defendants deny that they have violated any of the plaintiffs' rights under the Worker Adjustment and Retraining Act (the "WARN Act"), the Massachusetts payment of wages statute, M.G.L. c. 149 § 148, or any other law. Defendants also deny that plaintiffs have met the standard for certification of this matter as a class action under Rule 23 of the Federal Rules of Civil Procedure.

### I. PLAINTIFFS

1.     Defendants deny the allegations contained in Paragraph 1 of the Complaint.

GSDOCS-1348485-1

2.    Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3.    Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4.    Defendants deny the allegations contained in Paragraph 4 of the Complaint.

## II. DEFENDANTS

5.    Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 4 of the Complaint.

6.    Defendants admit the allegations contained in paragraph 6 of the Complaint, except that they deny that the manufacturing plant is located at 82 Commerce Drive in Fall River, Massachusetts. Answering further, defendants state that the plant is located at 81 Commerce Drive.

7.    Defendants admit that Main Street Textiles is organized under the laws of the State of Delaware and that Main Street Textiles was registered to do business in the Commonwealth of Massachusetts on July 7, 1994. To the extent the plaintiffs intend other allegations by the reference to "MST et al.", any such allegations are denied.

8.    Defendants deny the allegations contained in paragraph 8 of the Complaint.

9.    Defendants admit that Joan Fabrics Corporation, located at 100 Vesper Executive Park, Tyngsboro, Massachusetts, serves as the resident agent for Main Street Textiles. To the extent that the plaintiffs intend other allegations by the reference to "MST et al.," any such allegations are denied.

10.    Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11.    Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12.    Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13.    Defendants admit the allegations contained in Paragraph 13 of the Complaint.

GSDOCS-1348485-1

### III. JURISDICTION AND VENUE

14.    Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 13 of the Complaint.

15.    Paragraph 15 states a legal conclusion to which no response is required. To the extent that Paragraph 15 is deemed to contain allegations of fact, they are denied.

16.    Paragraph 16 states a legal conclusion to which no response is required. To the extent that Paragraph 16 is deemed to contain allegations of fact, they are denied.

17.    Paragraph 17 states a legal conclusion to which no response is required. To the extent that Paragraph 17 is deemed to contain allegations of fact, they are denied.

18.    Paragraph 18 states a legal conclusion to which no response is required. To the extent that Paragraph 18 is deemed to contain allegations of fact, they are denied. Answering further, defendants state that they lack knowledge or information sufficient to form a belief as to whether all the plaintiffs in the putative class reside in the Commonwealth of Massachusetts.

### IV. NATURE OF THE CASE

19.    Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 18 of the Complaint.

20.    Defendants admit that the plaintiffs purport to assert allegations under the WARN Act and M.G.L. c. 149 § 148. Defendants deny the remaining allegations contained in Paragraph 20 of the Complaint.

21.    Defendants admit that, on or about October 17, 2003, Main Street Textiles provided "WARN" notices to its employees and that the notice informed employees of the company's decision to permanently discontinue its manufacturing operations in Fall River, Massachusetts.

22.    Paragraph 22 states a legal conclusion to which no response is required. To the extent that this paragraph is deemed to contain allegations of fact, they are denied.

23.    Paragraph 23 states a legal conclusion to which no response is required. To the extent that this paragraph is deemed to contain allegations of fact, they are denied.

24.    Paragraph 24 states a legal conclusion to which no response is required. To the extent that this paragraph is deemed to contain allegations of fact, they are denied.

25.    Paragraph 25 states a legal conclusion to which no response is required. To the extent that this paragraph is deemed to contain allegations of fact, they are denied.

26.    Paragraph 26 states a legal conclusion to which no response is required. To the extent that this paragraph is deemed to contain allegations of fact, they are denied.

27.    Paragraph 27 states a legal conclusion to which no response is required. To the extent that this paragraph is deemed to contain allegations of fact, they are denied.

28.    Defendants deny that the plaintiffs failed to receive all of the payments to which they were entitled. Answering further, Defendants state that Main Street Textiles shuts down its operations for one week over the July 4th holiday and for one week over the end-of-the-year holidays. Main Street Textiles makes a payment for the period of the shutdown to its eligible employees that are employed at the time of the shutdown.

29.    Paragraph 29 states a legal conclusion to which no response is required. To the extent this paragraph is deemed to contain factual allegations, they are denied.

30.    Paragraph 30 states a legal conclusion to which no response is required. To the extent this paragraph is deemed to contain factual allegations, they are denied.

31.    Paragraph 31 states a legal conclusion to which no response is required. To the extent that Paragraph 31 is deemed to contain allegations of fact, they are denied.

-4-

## V. CLASS ACTION ALLEGATIONS

32.    Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 31 of the Complaint.

33.    Defendants admit that the plaintiffs seek to pursue this action as a class action, but deny that this action may be properly maintained as a class action. Defendants deny all the remaining allegations contained in Paragraph 33 of the Complaint.

34.    Paragraph 34 contains a statement of those categories excluded from plaintiffs' proposed class. As such, it does not contain factual allegations to which a response is required.

35.    Paragraph 35 states a legal conclusion to which no response is required. To the extent that Paragraph 35 is deemed to contain allegations of fact, they are denied.

36.    Paragraph 36 states a legal conclusion to which no response is required. To the extent that Paragraph 36 is deemed to contain allegations of fact, they are denied.

37.    Paragraph 37 states a legal conclusion to which no response is required. To the extent that Paragraph 37 is deemed to contain allegations of fact, they are denied.

38.    Paragraph 38 states a legal conclusion to which no response is required. To the extent that Paragraph 38 is deemed to contain allegations of fact, they are denied.

39.    Paragraph 39 states a legal conclusion to which no response is required. To the extent that Paragraph 39 is deemed to contain allegations of fact, they are denied.

40.    Paragraph 40 states a legal conclusion to which no response is required. To the extent that Paragraph 40 is deemed to contain allegations of fact, they are denied.

41.    Paragraph 41 states a legal conclusion to which no response is required. To the extent that Paragraph 41 is deemed to contain allegations of fact, they are denied.

GSDOCS-1348485-1

## VII. COUNT I

42.     Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 41 of the Complaint.

43.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44.     Defendants deny that Joan Fabrics Corporation laid off Donna Manchester. Answering further, defendants state that Main Street Textiles laid off Donna Manchester on or around October 3, 2003.

45.     Defendants admit that Main Street Textiles sent to Donna Manchester, subsequent to her layoff, the WARN notice attached as Exhibit 1 to the Complaint.  Defendants deny that the notice refers to a "mass layoff."

46.     Defendants admit that on or about October 17, 2003, Main Street Textiles provided to its employees the notice attached as Exhibit 1 to the Complaint.  Defendants deny that the notice refers to a "mass layoff."

47.     Defendants deny the allegations contained in Paragraph 47 of the Complaint. Answering further, defendants state that Main Street Textiles laid off four employees from October 17 through November 5, 2003, and that those four employees did not qualify, under the WARN Act, M.G.L. c. 149 § 148, or any other law, for any additional payments.  Those employees who were terminated from employment beginning on November 6, 2003 through the end of the sixty-day period did receive payments pursuant to the WARN Act.

48.     Defendants admit only that those employees who were not employed as of the end-of-the-year week-long shutdown did not receive payment for that shutdown. Defendants

GSDOCS-1348485-1

deny that they violated any of the plaintiffs' rights under the WARN Act or any state law or that plaintiffs were entitled to any payments.

49.    Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.    Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.    Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.    Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.    Defendants admit that Donna Manchester did not receive any payments from Main Street Textiles after being laid off on October 3, 2003. Answering further, defendants state that Donna Manchester was not entitled to receive any payments from Main Street Textiles. Defendants deny the remaining allegations contained in Paragraph 53 of the Complaint.

54.    Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55.    Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint.

## COUNT II

57.    Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 56 of the Complaint.

58.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint.

59.    Defendants admit only that Main Street Textiles laid off Noemia Camara on or about September 28, 2003. Defendants deny the remaining allegations in Paragraph 59.

60.    Defendants admit that they did not provide Camara with notice of a "mass lay off" but state that Main Street provided her with a WARN Notice.

-7-

61.    Defendants admit that, on or about October 17, 2003, Main Street Textiles provided to its employees the notice attached as Exhibit 1 to Plaintiffs' Complaint. Defendants deny that the notice refers to a "mass layoff."

62.    Defendants deny the allegations contained in Paragraph 62 of the Complaint. Answering further, defendants state that Main Street Textiles laid off four employees from October 17 through November 6, 2003, and that those four employees did not qualify, under the WARN Act, M.G.L. c. 149 § 148, or any other law, for any additional payments. Those employee who were terminated from employment beginning on November 6, 2003 through the end of the sixty-day period did receive payments pursuant to the WARN Act.

63.    Defendants admit only that those employees who were not employed as of the end-of-the-year week-long shutdown did not receive payment for that shutdown. The Defendants deny violating any of the plaintiffs' rights under the WARN Act or state law or that plaintiffs were entitled to any payments.

64.    Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.    Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66.    Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.    Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68.    Defendants admit that Noemia Camara was an employee of Main Street Textiles and that she did not receive any payments from Main Street Textiles after being laid off on or about September 28, 2003. Answering further, defendants state that Ms. Camara was not entitled to receive any payments from Main Street Textiles. Defendants deny the remaining allegations contained in Paragraph 68 of the Complaint.

69.     Defendants admit only that those employees of Main Street Textiles who were laid off on November 6 and 7, 2003 were entitled to receive payments under the WARN Act. Defendants deny that those employees of Main Street Textiles who were laid off on November 6 and 7, 2003 did not receive payments under the WARN Act. Defendants deny the remaining allegations contained in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint.

72.     Defendants admit that Noemia Camara was an employee of Main Street Textiles and that she did not receive any payments from Main Street Textiles after being laid off on or about September 28, 2003. Answering further, defendants state that Ms. Camara was not entitled to receive any payments from Main Street Textiles. Defendants deny the remaining allegations contained in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations contained in Paragraph 73 of the Complaint.

### V. COUNT II
### (State Claim)

74.     Defendants repeat and incorporate by reference their responses to paragraphs 1 through 73 of the Complaint.

75.     Defendants admit that those employees laid off from July 2003 through November 2003 did not receive any "vacation" pay for the 2003 end-of-the-year shutdown. Answering further, defendants state that these individuals were not entitled to any payment for this shutdown. Defendants deny that state law required that the employees receive such payments.

76.     Defendants deny the allegations contained in Paragraph 76 of the Complaint.

GSDOCS-1348485-1

## VI. DAMAGES

77.    Defendants repeat and incorporate by reference their responses to paragraphs 1 through 76 of the Complaint.

78.    Defendants deny the allegations contained in paragraph 78 of the Complaint.

79.    Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80.    Defendants deny the allegations contained in Paragraph 80 of the Complaint.

### RESPONSE TO PRAYERS FOR RELIEF
(Including those requests set forth on page 16 of the Complaint)

Defendants deny that plaintiffs are entitled to any of the relief requested, or to any other relief.

### FIRST AFFIRMATIVE DEFENSE

Defendants have fully performed their obligations to plaintiffs pursuant to both the WARN Act and the Massachusetts payment of wages statute, M.G.L. c. 149 §148 et seq, and therefore plaintiffs have no claims pursuant to those statutes.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have suffered no damages for which defendants can be held responsible.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims under the WARN Act are barred in whole or in part by the applicable statutes of limitations.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs cannot bring a class action in this matter because they have failed to meet, and cannot meet, the requirements of Rule 23 of the Federal Rules of Civil Procedure.

-10-

GSDOCS-1348485-1

## SIXTH AFFIRMATIVE DEFENSE

The class action allegations of the Complaint should be dismissed because the purported class is not so large that joinder would be impracticable under the governing rules.

## SEVENTH AFFIRMATIVE DEFENSE

The class action allegations of the Complaint should be dismissed because plaintiffs do not fairly and adequately represent the interest of the members of the alleged class.

## EIGHTH AFFIRMATIVE DEFENSE

The class action allegations of the Complaint should be dismissed because the questions of law and fact common to the purported class do not predominate over individual issues.

## NINTH AFFIRMATIVE DEFENSE

The class action allegations of the Complaint should be dismissed because the defendants have not acted or have failed to act in a manner generally applicable to the purported class and final declaratory relief is therefore inappropriate with respect to the class as a whole.

## TENTH AFFIRMATIVE DEFENSE

The class action allegations of the Complaint should be dismissed because a class action is not superior to other available means of adjudicating plaintiffs' complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs lacks standing to assert claims on behalf of those employees laid off after October 17, 2003 (so-called "Sub Class C" as set forth in plaintiffs' Complaint).

WHEREFORE, the defendants respectfully request that the Court:

1.    Dismiss the Complaint with prejudice;

2.    Award defendants costs and reasonable attorneys' fees; and

GSDOCS-1348485-1

3.      Grant such further relief as the Court deems just and equitable.

MAIN STREET TEXTILES, L.P.
JOAN FABRICS SERVICES, LLC
JOAN FABRICS CORPORATION

By their attorneys,

Neil V. McKittrick (BBO# 551386)
Joseph C. Lyons (BBO#644954)
GOULSTON & STORRS
A Professional Corporation
400 Atlantic Avenue
Boston, MA  02210
617-482-1776

Dated:  April 15, 2004

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above
document was served upon the attorney of record
for each other party by mail (by hand) on 4/15/04

-12-