# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

FILED

2004 JUN -4 P 12: 54

U.S. DISTRICT COURT
DISTRICT OF MASS

DONNA MANCHESTER and NOEMIA CAMARA
Individually, and on behalf of all others similarly
situated

               Plaintiffs

VS.                                                                               CA NO.: **04-10439RCL**

MAIN STREET TEXTILES, L.P., and
JOAN FABRICS SERVICES L.L.C. and
JOAN FABRICS CORPORATION

               Defendant

## JOINT SCHEDULING MEMORANDUM

**Local Rule 16.1(B):**

(1)   Agenda:  status of case

(2)   Pretrial Schedule:  See Section D(2) below

(3)   Magistrate Trial:  Parties will not consent to trial by a magistrate judge at this time.

**Local Rule 16.1(C):**

There have been no settlement proposals, the Plaintiff requires information from the Defendant with respect to the names of all persons employed by the Defendant, when they where laid off and whether they were paid vacation pay and or severance benefits under the "Warn Act". The Plaintiff has forwarded Interrogatories and Production of Documents to the Defendant which address these issues.   Until such time as this information is received Plaintiff is not in a position to make a settlement demand.

**Local Rule 16.1(D)(1):**

<u>PLAINTIFF'S POSITION:</u>

Under the "WARN ACT" employees that are laid off prior to the expiration of a 60 day notice period are entitled to receive wages and other benefits, such as vacation pay, medical benefits and other fringe benefits during that notice period. The Defendant Main Street Textiles, et al. actions in ordering a mass lay off and not paying the employees for the remainder of the 60 day notice period, the Defendants were in violation of the "WARN ACT."

On October 17, 2003, notification of a mass "layoff" pursuant to the "WARN ACT," which required a 60 day notice to employees was sent to the employees of the Defendant Main Street Textiles, et al. (A mass layoff is defined as 50 or more employees or more than (1/3) one third of the work force).

Under the "Warn Act" if employees are laid off prior to the 60 days, after notice is given, the employer must pay the employee the remainder of his wages for that 60 day time period.

Moreover, if two or more groups are laid off at a single site of employment and each individual group adds up to less than the (50) Fifty or more than (1/3) one third then the different groups can be added together to reach the requisite threshold and all those employees are protected. Finally, the act provides for a (90) ninety day look back period from the date of the notice to determine whether there was a mass lay off prior to the date of notice.

In this case the Plaintiff claims that prior to October 17, 2003, the Defendant laid off employees, in a series of layoffs, including the representative Plaintiffs, each of which was less than the (50) Fifty employees that are covered under the "Warn Act," but when added to the employees laid off after October 17, 2003, reached the requisite threshold for coverage under the act requiring compliance by the Defendant. Those persons laid off prior to October 17, 2003, comprise the Plaintiffs class.

Secondly, the Plaintiffs claim that all employees laid off both prior to October 17, 2003, and subsequent to October 17, 2003, where not paid vacation wages for the second half of the year, in violation of the employment wage laws of the Commonwealth of Massachusetts.

The Plaintiffs, Donna Manchester and Noemia Camara, were employees of the Defendant Corporation, Joan Fabrics. It is the Plaintiff's contention that Joan Fabrics violated the "Warn Act" by failing to give the required 60 day notice to all employees who were laid off by the Defendant. The Plaintiff's are representative of those

-2-

employees, who were laid off on various dates were laid off from the Defendant Corporation, Joan Fabrics et al. The two representative Plaintiffs were laid off on or about October 3, 2003.

DEFENDANTS' POSITION:

Defendants deny all of the material substantive allegations made by plaintiffs. More specifically, the employer of the putative class representatives, Main Street Textiles, L.P., was not obligated to provide a WARN Notice (or payments in lieu of notice) to the former Main Street Textiles employees who plaintiffs' counsel purports to represent. No employees who were laid off prior to November 6, 2003 were entitled to notice or payments in lieu of notice. Furthermore, no employees were entitled to any "vacation pay". For two weeks during the year, one week over the July 4th holiday, and one week over the end of the year holidays, Main Street Textiles shut down its operations. Pursuant to Main Street Textiles' policy, hourly employees were entitled to receive some "vacation pay" for these 2 weeks in certain circumstances. For example, employees must be employed at the time of the shutdown in order to be eligible to receive "vacation pay" for that week. The employees who plaintiffs' counsel purports to represent were not employed during the end-of-the-year shutdown and therefore were not eligible to receive any pay for that week. The company's policy provided for pay during a planned plant shutdown, which was not the equivalent of accrued vacation and cannot be treated as such. Accordingly, Main Street Textiles, LP has no financial obligation to any of the former employees that plaintiffs' counsel purports to represent.

Defendants also contend that plaintiffs do not meet the requirements to maintain this action as a class action.

**Local Rule 16.1(D)(2):**

PARTIES PROPOSED SCHEDULE:

Defendants Answers to Interrogatories and Production of Documents by 07/15/04 provided plaintiff makes its initial disclosures as required by the Rules before June 15, 2004; otherwise, defendant shall respond within 30 days of the plaintiffs' initial disclosures;
All Written Discovery Completed by 10/31/04;
Depositions of Fact Witnesses by 12/30/04;
Disclosure of Plaintiff's Expert Report, if any, by 01/30/05;
Disclosure of Defendants' expert report, if any, by 3/1/05;
Expert Witness Depositions by 04/01/05;
File Dispositive Motions by 05/01/05; and
Oppositions filed by 06/01/05;

GSDOCS-1364706-2
06/02/2004 6:34 PM

| | |
|---|---|
| The Plaintiffs,<br>By her Attorney,<br>BRIAN CUNHA & ASSOCIATES | The Defendants<br>By their Attorney<br>GOULSTON & STORRS, P.C. |
| *Brian Cunha / NVM* | *Neil V. McKittrick* |
| Brian R. Cunha, Esq. (BBO# 108560)<br>311 Pine Street<br>Fall River, MA  02720<br>Tel. (508) 675-9500<br>Fax. (508) 679-6360 | Neil V. McKittrick, Esq. (BBO# 551386)<br>Joseph C. Lyons, Esq. (BBO#644954)<br>400 Atlantic Avenue<br>Boston, MA 02210<br>Tel. (617) 482-1776 |

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on 6/2/04

*Neil V. McKittrick*