UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONNA MANCHESTER and<br>NOEMIA CAMARA,<br>Individually, and on behalf of all others<br>similarly situated,<br><br>      Plaintiffs,<br><br>VS.<br><br>MAIN STREET TEXTILES, L.P.,<br>JOAN FABRICS SERVICES, LLC and<br>JOAN FABRICS CORPORATION,<br><br>      Defendants. | C.A. NO. 04-10439 RCL |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
## (ORAL ARGUMENT REQUESTED)

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, defendants, Main Street Textiles, L.P. ("Main Street"), Joan Fabrics Services, LLC and Joan Fabrics Corporation (collectively, the "Defendants") move for summary judgment on all counts of the Complaint filed by the plaintiffs, Donna Manchester and Noemia Camara (collectively, the "Plaintiffs")[1]. The Defendants are entitled to summary judgment because the undisputed facts demonstrate that the Plaintiffs were laid off in September and October 2003, more than one month before the "mass layoff" that triggered Main Street's obligations under the Worker Adjustment and Retraining Notification Act ("WARN" or the "Act "); therefore, they are not entitled to any back pay under the Act, and the Defendants are entitled to summary judgment on the WARN Act claims as a matter of law.

---

[1] Although the Plaintiffs purport to bring this action as a class action, they have not moved to certify a class.

Nor are the Plaintiffs entitled to "vacation pay," as demanded in the count styled as a "state law" claim.[2] The Defendants are entitled to summary judgment on the claims for vacation pay for two reasons. First, there is no evidence in the record that the Plaintiffs satisfied the statutory prerequisites established by M.G.L. c. 149, § 150 before pursuing their claim under the Wage Act. Second, even if they had complied with the statute, the Plaintiffs have no entitlement to "vacation pay" under the undisputed facts of this case because these payments were only made to those persons actually employed by Main Street during its week-long annual work stoppage between the Christmas and New Year's Holidays in December 2003, as set forth in the express and unambiguous terms of Main Street's vacation pay policy. Because the Plaintiffs were not then employed by Main Street, they were not entitled to be paid for that period when the plant closed. Based on the undisputed facts in the record, the Defendants are entitled to summary judgment on the Plaintiffs' claims for vacation pay as a matter of law as well.

In further support of this Motion, the Defendants rely on their Memorandum in Support of Defendants' Motion for Summary Judgment and Defendants' Local Rule 56.1 Statement of Undisputed Facts, both of which are filed with this Motion.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), the Defendants request a hearing on this Motion as oral argument will assist the Court in its decision on this matter.

### LOCAL RULE 7.1(A)(2) CERTIFICATION OF COUNSEL

Pursuant to Local Rule 7.1(A)(2), undersigned counsel for the defendants certify that they have conferred with counsel for the plaintiffs in good faith attempt to resolve or narrow the issues presented in this Motion.

---

[2] This claim is presumably brought under the Massachusetts Wage Act, M.G.L. c. 149, § 148.

MAIN STREET TEXTILES, L.P.
JOAN FABRICS SERVICES, LLC
JOAN FABRICS CORPORATION

By their attorneys,

/s/ Neil V. McKittrick
Neil V. McKittrick (BBO# 551386)
Elizabeth L. Schnairsohn (BBO# 658532)
GOULSTON & STORRS
A Professional Corporation
400 Atlantic Avenue
Boston, MA  02210
617-482-1776
nmkittrick@goulstonstorrs.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that all counsel of record are so registered.

/s/ Neil V. McKittrick
Neil V. McKittrick

Dated: July 13, 2006