UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONNA MANCHESTER et al.,<br><br>Plaintiffs,<br><br>VS.<br><br>MAIN STREET TEXTILES, L.P.,<br>JOAN FABRICS SERVICES, LLC, and<br>JOAN FABRICS CORPORATION,<br><br>Defendants. | C.A. NO. 04-10439 RCL |

### DEFENDANT MAIN STREET TEXTILES, L.P.'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' INTERROGATORIES

Pursuant to Rules 26(e) and 33 of the Federal Rules of Civil Procedure, Defendant Main Street Textiles, L.P. ("Main Street") hereby provides these supplemental responses to Plaintiffs' Interrogatories.

### General Objections

Main Street repeats and incorporates herein the general objections stated in Defendants Main Street Textiles, L.P.'s Response to Plaintiff's Interrogatories.

### Supplemental Response

Interrogatory No. 15

Kindly list all documents that identifies the Defendant's policies, with regard to the payment of vacation pay.

Response to Interrogatory No. 15

Main Street objects to this interrogatory on the grounds that it seeks information protected from discovery by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving these objections, Main Street lists the following documents:

"Production Hourly Vacation Pay Policy," S.P.I. No. IV-13 A, issued November 1992.

"Salaried Vacation Policy," S.P.I. No. IV-II, issued November 1992 and revised August 1996

"Office Hourly Vacation Policy," S.P.I. No. IV-15, issued May 1993 and revised August 1996

Interrogatory No. 16

Kindly describe the defendants policy with respect to the payment of vacation pay including when payments are made, and the basis on which employees are entitled to vacation pay.

Response to Interrogatory No. 16

For two weeks during the year, one week over the July 4th holiday and one week over the end-of-the-year holidays, Main Street shut down its operations, creating a "vacation" for its hourly employees. Pursuant to Main Street's "Production Hourly Vacation Pay Policy," Production Hourly employees of Main Street were eligible to receive "vacation pay" for the period of the shutdown in question if they were employed at the time of that shutdown. The amount of "vacation pay" that such an employee received depended on his or her salary and years of service. Main Street paid this "vacation pay" on the payday immediately preceding the shutdown.

Regular, full-time Office Hourly employees and regular, full-time Salaried employees were both eligible, after six months of continuous service, to accrue paid vacation time. Such employees had to take their paid vacation days during the July 1 to June 30 fiscal year, and could

not "carry over" any vacation days into a subsequent year. In addition, regular, full-time Office Hourly employees and regular, full-time Salaried employees were required to use their paid vacation days during the week over the July 4th holiday and the week over the end-of-the-year holidays when Main Street shut down its operations. The amount of paid vacation days for which such employees were eligible depended on the employee's length of service. In the course of a fiscal year, Main Street did permit such employees to take paid vacation days prior to accruing such days.

Signed as to objections:

Neil V. McKittrick, BBO# 551386
Joseph C. Lyons, BBO #644954
GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston, MA 02110
(617) 482-1776

## VERIFICATION

I have read the Defendants Main Street Textiles, L.P.'s Response to Plaintiffs' Interrogatories and the foregoing Defendants Main Street Textiles, L.P.'s Supplemental Response to Plaintiffs' Interrogatories. Certain of the responses are based in part on my personal knowledge, and those responses are true and correct to the best of my personal knowledge, information, and belief. Many of the responses, however, are not based on my personal knowledge and are based instead on information provided by employees and/or agents of Main Street, and I am informed and believed that the information provided in these responses is true to the best of my knowledge and belief.

_____
Edward DiPetrillo

Date:

### CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on _____
10/13/03 _____

-4-

GSDOCS-1415127-1
10/13/2004 6:21 PM