UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DONNA MANCHESTER and )
NOEMIA CAMARA, )
Individually, and on behalf of all others )
similarly situated, )
  )
                Plaintiffs, )
  )      C.A. NO. 04-10439 RCL
VS. )
  )
MAIN STREET TEXTILES, L.P., )
JOAN FABRICS SERVICES, LLC and )
JOAN FABRICS CORPORATION, )
  )
                Defendants. )

## JOINT MOTION FOR RECONSIDERATION

Plaintiffs Donna Manchester and Noemia Camara, and Defendants, Main Street Textiles,

L.P. ("Main Street"), Joan Fabrics Services, LLC and Joan Fabrics Corporation (collectively, the

"Defendants"), jointly move this Court to reconsider its Order dated July 24, 2006, denying the

Defendants' Motion for Summary Judgment as untimely filed. The parties respectfully request

that this Court reconsider the Defendants' Motion for Summary Judgment, on the merits, and

also consider with it the opposition and cross-motion for summary judgment that Plaintiffs

expect to file with the Court shortly.

As grounds for this motion for reconsideration, the parties state that the issues at the heart

of this case are purely legal issues that should properly be resolved on a motion for summary

judgment, and it will be a more efficient use of judicial resources to deal with the case at this

stage rather than on a motion for directed verdict or other motion during or after trial.

Furthermore, there will be no prejudice to any party if the Defendants' Motion for Summary

Judgment is considered on its merits because, after the Plaintiffs conducted written discovery and

took depositions in this case, the parties agreed that each side should file cross-motions for summary judgment as the most efficient way to proceed with this case, and the Plaintiffs in fact intend to file their opposition and cross-motion for summary judgment shortly.

In further support of this Motion, the parties state as follows:

1.       The Defendants filed their Motion for Summary Judgment on all counts of the Plaintiffs' Complaint, which asserts claims for back pay and benefits under the Worker Adjustment Retraining and Notification Act ("WARN" or the "Act") and state law claims for one week of vacation pay under the Massachusetts Wage Act, M.G.L. c. 149, § 148.  There is no factual dispute as to how many employees were laid off in connection with the ultimate closing of the defendant Main Street's business operations in Fall River, Massachusetts, nor is there any dispute as to when the employees were laid off;  the issue is whether the WARN Act confers any benefits on the plaintiffs.  Likewise, there is no dispute that the plaintiffs, who were laid off prior to the annual year-end manufacturing shut down of Main Street's plant, did not receive "vacation pay" for the one week period when the plant was closed in December 2003.  The only question is whether the circumstances, which are not in dispute, give rise to a state law Wage Act claim for the week of vacation pay.  Each of the issues as presented — the plaintiffs' WARN Act claims and the state law Wage Act claim for vacation pay — are purely legal issues that are particularly appropriate for summary judgment, as the parties had previously agreed.  If the Court does not consider these legal arguments at this stage of the case, the Defendants anticipate making the same legal arguments at trial, likely as a motion for directed verdict.  Therefore, it would be a more efficient use of judicial resources to address these issues at this time.

2.       Furthermore, as is evident from the fact that the Plaintiffs have joined this motion, there is no prejudice to the Plaintiffs if the Court considers the Defendants' Motion for Summary

Judgment on its merits. Even though the Motion was filed after the January 30, 2006 summary judgment deadline established by the Scheduling Order, the parties had discussed, on several occasions, the filing of cross-motions for summary judgment as the most efficient way to proceed with this case. In fact, Plaintiffs' counsel proposed this procedure and suggested further that Plaintiffs' obligation to respond to the Defendants' interrogatories and documents requests, be postponed until the Court ruled on the cross-motions for summary judgments because the discovery requests could be rendered moot. Defendants' counsel agreed to this procedure.

3. The Defendants filed their Motion for Summary Judgment on July 13, 2006. At the time the Motion was filed, the parties had not received notice that a trial date or pre-trial conference had been scheduled by the Court.[1]

4. Although the parties should have jointly moved to extend the Scheduling Order deadlines to seek leave to undertake the filing of the cross-motions for summary judgment, as they had agreed between themselves was the most efficient way to resolve this case, they respectfully request that the Court allow this Motion for Summary Judgment and consider Defendants' Motion and Plaintiffs' Opposition and Cross-Motion on their merits at this time.

5. Because the Court will ultimately have to resolve the same legal issues raised in the summary judgment motion at trial if it is not addressed at this time, as a matter of judicial economy, it makes sense for this Court to hear the Motion at this stage of the case before expending additional judicial resources to deal with pre-trial and trial issues that the parties believe, in good faith, may ultimately not be necessary.

---

[1] Since that date, on July 20, 2006, the parties received notice that the Court had scheduled an October 23, 2006 trial date.

WHEREFORE, the parties respectfully request that the Court allow this Joint Motion for Reconsideration and consider Defendants' Motion for Summary Judgment and Plaintiffs' Opposition and Cross-Motion on their merits.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), the parties request a hearing on this Motion as oral argument will assist the Court in its decision on this matter.

PLAINTIFFS,
DONNA MANCHESTER, ET AL.

By their attorneys,

/s/ Brian R. Cunha
Brian R. Cunha (BBO# 108560)
BRIAN CUNHA & ASSOCIATES
311 Pine Street
Fall River, MA 02720
508-675-9500
brian@briancunha.com

DEFENDANTS,
MAIN STREET TEXTILES, L.P., ET AL.

By their attorneys,

/s/ Neil V. McKittrick
Neil V. McKittrick (BBO# 551386)
Elizabeth L. Schnairsohn (BBO# 658532)
GOULSTON & STORRS
A Professional Corporation
400 Atlantic Avenue
Boston, MA  02210
617-482-1776
nmckittrick@goulstonstorrs.com

4

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing and

that all counsel of record are so registered.


/s/ Neil V. McKittrick
Neil V. McKittrick

Dated:  July 26, 2006

GSDOCS\1634891.1