# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DONNA MANCHESTER and NOEMIA CAMARA Individually, and on behalf of all others similarly situated<br><br>    Plaintiffs<br><br>VS.<br><br>MAIN STREET TEXTILES, L.P., and<br>JOAN FABRICS SERVICES L.L.C.   and<br>JOAN FABRICS CORPORATION<br><br>    Defendant | CA NO.: 04-10439-RCL |

## MOTION TO RECONSIDER

Now come the plaintiffs in the above entitled cause and respectfully request that the Court reconsider its denial of the plaintiffs motion to amend their complaint. As reasons therefore plaintiffs request that this Court refer to the Memorandum of Law attached hereto.

By their Attorneys,
BRIAN CUNHA & ASSOCIATES

_____
Brian R. Cunha, Esq., BBO #108560
311 Pine Street
Fall River, MA 02720
Tel: (508) 675-9500

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONNA MANCHESTER and NOEMIA CAMARA Individually, and on behalf of all others similarly situated<br>　　　　　　　　Plaintiffs<br><br>VS.<br><br>MAIN STREET TEXTILES, L.P., and JOAN FABRICS SERVICES L.L.C.     and JOAN FABRICS CORPORATION<br><br>　　　　　　　　Defendant | CA NO.: 04-10439-RCL |

## **MEMORANDUM OF LAW**

The plaintiffs have requested that this Court allow them to amend their Complaint. The Court has denied that Motion.

The primary reason that the plaintiffs seek to amend their Complaint is to have the Complaint conform to the evidence that has been adduced through discovery in this case. The plaintiffs have not presented any new theories or any new claims in their Motion to Amend their Complaint and the amendment of the Complaint is not propounded in bad faith, create undue delay or present unfair prejudice to the defendant, and it is not futile.

The original complaint sought recovery based upon two theories. The first theory was that the defendant failed to provide adequate notice under the WARN Act to employees that were laid off pursuant to a mass lay off. The second theory was that the defendant failed to pay vacation pay to employees that had been laid off.

The two theories remain the same. The amended complaint, however, clarifies much of the factual information that was unavailable to the plaintiffs at the time of the filing

of the original complaint. This information was provided during discovery to the plaintiffs, the most important of which, was received this past spring.

The amended complaint provides a more logical and detailed roadmap of the factual events that occurred both prior to the lay off and subsequent to the lay off. This information is critical to the Court for its understanding of the complex legal issues relative to lay offs under the WARN Act and the payment of vacation pay to persons that are laid off prior to the date of the accrual of the vacation pay benefits.

## LAW

Rule 15(a) states that "leave shall be freely given when justice so requires". Accordingly, "unless there appears to be an adequate reason for the denial" (e.g., undue delay, bad faith, military motive on the part of the movant, futility of the amendment), the first Circuit has held that they will not affirm the denial on Appeal. States Res. Corp. v. Architectural Team, Inc., 433 F.3d 73 (1st Cir. 2005); Hatch v. Dept. for Children, Youth and Families, 274 F.3d 12, 19 (1st Cir. 2001).

In this case, the plaintiffs have not engaged in any bad faith in this case. In fact both parties have proceeded with cooperation and expedition. Secondly, the plaintiffs have not engaged in any undue delay, as much of the factual material necessary to amend the Complaint was only recently received by them. There is no prejudice to the defendants as their theories and claims are identical to the original claims brought by the plaintiffs and no additional discovery will be necessary and there will be no delay, as both parties have agreed to submit this matter to the Court by way of summary judgment.

Finally, the allowance of the Motion to Amended Complaint will allow the Court to fully understand the factual underpinnings of this complicated fact pattern.

## CONCLUSION

Based on the above, the plaintiffs respectfully request this Court allow the plaintiffs to amend their Complaint.

By their Attorneys,
BRIAN CUNHA & ASSOCIATES

_____
Brian R. Cunha, Esq., BBO #108560
311 Pine Street
Fall River, MA 02720
Tel: (508) 675-9500

### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that all counsel of record are so registered.

Dated: August 11, 2006

/s/ Brian R. Cunha
Brian R. Cunha, Esq.