UNITED STATES DISTRICT COURT
FOR THE  DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONNA MANCHESTER and <br> NOEMIA CAMARA, <br> Individually, and on behalf of all others <br> similarly situated, <br><br>          Plaintiffs, <br><br> VS. <br><br> MAIN STREET TEXTILES, L.P., <br> JOAN FABRICS SERVICES, LLC and <br> JOAN FABRICS CORPORATION, <br><br>          Defendants. | C.A. NO. 04-10439 RCL |

## ANSWER OF MAIN STREET TEXTILES, L.P., JOAN FABRICS SERVICES, LLC AND JOAN FABRICS CORPORATION TO THE PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT

Defendants Main Street Textiles, L.P. ("Main Street"), Joan Fabrics Services, LLC and Joan Fabrics Corporation (collectively, the "Defendants") respond to the Plaintiffs' Amended Class Action Complaint (the "Amended Complaint") as follows:

## PARTIES

1.     The Plaintiffs' introductory statements contained in Paragraph 1 of the Amended Complaint contain their general description of their asserted causes of action.  As such, no response is required.  To the extent that the introductory statements are deemed to contain allegations of fact, they are denied.  Moreover, the Defendants deny that they have violated any of the Plaintiffs' rights under the Worker Adjustment and Retraining Act (the "WARN Act"), the Massachusetts payment of wages statute, M.G.L. c. 149 § 148, or any other law.  The Defendants also deny that the Plaintiffs have met the standard for certification of this matter as a class action under Rule 23 of the Federal Rules of Civil Procedure.

2.      The Plaintiffs' introductory statements contained in Paragraph 2 of the Amended Complaint contain their general description of their asserted causes of action.  As such, no response is required.  To the extent that the introductory statements are deemed to contain allegations of fact, they are denied.  Moreover, the Defendants deny that they have violated any of the Plaintiffs' rights under the WARN Act.

3.      The Defendants admit the allegations contained in Paragraph 3 of the Amended Complaint.

4.      The Defendants admit that Main Street was a business enterprise located on Commerce Drive, Fall River, Massachusetts that, at certain points during its existence, employed more than 100 employees.  The Defendants deny the remaining allegations contained in Paragraph 4 of the Amended Complaint.

5.      The Defendants admit the allegations contained in Paragraph 5 of the Amended Complaint.

6.      The Defendants admit the allegations contained in Paragraph 6 of the Amended Complaint.

7.      The Defendants admit the allegations contained in Paragraph 7 of the Amended Complaint.

8.      The Defendants admit the allegations contained in Paragraph 8 of the Amended Complaint.

9.      The Defendants admit the allegations contained Paragraph 9 of the Amended Complaint.

10.     The Defendants admit that Ms. Manchester and Ms. Camara are former employees of Main Street.  The Defendants deny the remaining allegations contained in Paragraph 10 of the Amended Complaint.

11.     The Defendants deny the allegations contained in Paragraph 11 of the Amended Complaint.

## CLAIMS

12.     The Defendants deny the allegations contained in Paragraph 12 of the Amended Complaint.

13.     The Defendants deny the allegations contained in Paragraph 13 of the Amended Complaint.

## JURISDICTION AND VENUE

14.     The Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 13 of the Amended Complaint as if fully set forth herein.

15.     Paragraph 15 states a legal conclusion to which no response is required.  To the extend that this Paragraph is deemed to contain allegations of fact, they are denied.

16.     Paragraph 16 states a legal conclusion to which no response is required.  To the extend that this Paragraph is deemed to contain allegations of fact, they are denied.

17.     Paragraph 17 states a legal conclusion to which no response is required.  To the extend that this Paragraph is deemed to contain allegations of fact, they are denied.

18.     Paragraph 18 states a legal conclusion to which no response is required.  To the extend that this Paragraph is deemed to contain allegations of fact, they are denied.  Further answering, the Defendants state that they lack knowledge or information sufficient to form a belief as to whether all of the plaintiffs in the putative class reside in the Commonwealth of Massachusetts.

GSDOCS\1646197.2

## NATURE OF THE CASE

19.     The Defendants repeat and incorporate by reference their responses to Paragraph 1 through 18 of the Amended Complaint as if fully set forth herein.

20.     The Defendants admit that the Plaintiffs purport to assert allegations under the WARN Act and G.L. c. 149, § 148.  The Defendants deny the remaining allegations contained in Paragraph 20 of the Amended Complaint.

21.     Paragraph 21 states a legal conclusion to which no response is required.  To the extent that this Paragraph is deemed to contain allegations of fact, they are denied.

22.     Paragraph 22 states a legal conclusion to which no response is required.  To the extent that this Paragraph is deemed to contain allegations of fact, they are denied.

23.     Paragraph 23 states a legal conclusion to which no response is required.  To the extent that this Paragraph is deemed to contain allegations of fact, they are denied.

24.     Paragraph 24 states a legal conclusion to which no response is required.  To the extent that this Paragraph is deemed to contain allegations of fact, they are denied.

## COUNT I

## Reparations and Liability "WARN Act"

25.     The Defendants repeat and incorporate by reference their responses to Paragraph 1 through 24 of the Amended Complaint as if fully set forth herein.

26.     Paragraph 26 states a legal conclusion to which no response is required.  To the extent that this Paragraph is deemed to contain allegations of fact, they are denied.

27.     Paragraph 27 states a legal conclusion to which no response is required.  To the extent that this Paragraph is deemed to contain allegations of fact, they are denied.

28.     The Defendants admit that Main Street was registered as a limited partnership in 1994 and operated a manufacturing business for furniture fabrics, and that, at times, it employed

-4-

in excess of 300 employees.  The Defendants deny the remaining allegations contained in Paragraph 28 of the Amended Complaint.

29.     The Defendants admit that, after September 11, 2001, Main Street in particular and the textile industry in general experienced declining sales and profits as a result of the U.S. economy and overseas competition, including the high influx of low-cost imports from China and Mexico.  The Defendants admit that the high influx of low cost imports prevented Main Street from increasing its prices to customers even as it was incurring higher production costs. The Defendants deny the remaining allegations contained in Paragraph 29 of the Amended Complaint.

30.     The Defendants deny the allegations contained in Paragraph 30 of the Amended Complaint.

31.     The Defendants admit that Main Street's revenues declined substantially between 2001 and 2003.  The Defendants deny the remaining allegations in Paragraph 31 of the Amended Complaint.

32.     The Defendants admit that Main Street attempted to address its declining sales as of April 2003 by shift reductions and temporary layoffs.  The Defendants deny the remaining allegations contained in Paragraph 32 of the Amended Complaint.

33.     The Defendants admit that in the Spring of 2003, Main Street cut back from a four shift, seven day production schedule to a three shift, five day production schedule, and that this was the first time in approximately ten years that Main Street was not operating shifts around the clock, seven days per week.

34.     The Defendants admit that in the Summer of 2003, representatives of Main Street including Wade Martin, Ed DiPetrillo and LouAnn Laporte met with Main Street's then attorney,

Lincoln Almond, of Edwards & Angell.  The substance of those conversations are protected by the attorney-client privilege, and no response is required thereto.  To the extent that any response is required, the remaining allegations contained in Paragraph 34 of the Amended Complaint are denied.

35.     The Defendants deny the allegations contained in Paragraph 35 of the Amended Complaint.

36.     The Defendants deny the allegations contained in Paragraph 36 of the Amended Complaint.

37.     The Defendants admit that Main Street compensated those employees laid off between November 6, 2003 and December 5, 2003 in compliance with the WARN Act.  The Defendants deny the remaining allegations contained in Paragraph 37 of the Amended Complaint.  Further answering, only those employees Main Street laid off as part of the mass layoff that took place between November 6, 2003 and December 5, 2003 were entitled to compensation under the WARN Act.

38.     The Defendants admit that Main Street did not provide the 31 former employees listed in Paragraph 38 with WARN related compensation.  The Defendants deny the remaining allegations contained in Paragraph 38 of the Amended Complaint.  Further answering, the Defendants state that they were not required to provide the 31 former employees listed in Paragraph 38 with WARN related compensation.

**FAILURE TO PAY VACATION PAY**

**COUNT II**

**Reparations and Liability M.G.L. Ch. 149, § 148**

39.     The Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 38 of the Amended Complaint as if fully set forth herein.

40.     The Defendants admit that the Plaintiffs did not receive any "vacation" pay when they were laid off, but state that the Plaintiffs were not entitled to any "vacation" pay at that time. The Defendants deny the allegations contained in the second sentence in Paragraph 40 of the Amended Complaint.

41.     Paragraph 41 states a legal conclusion to which no response is required.  To the extent that this Paragraph is deemed to contain allegations of fact, they are denied.

42.     Paragraph 42 states a legal conclusion to which no response is required.  To the extent that this Paragraph is deemed to contain allegations of fact, they are denied.

43.     The Defendants admit that the Plaintiffs purport to assert allegations under G.L. c. 149, § 148.  The Defendants deny the remaining allegations contained in Paragraph 43 of the Amended Complaint.

44.     Paragraph 44 states a legal conclusion to which no response is required.  To the extent that this Paragraph is deemed to contain allegations of fact, they are denied.  Further answering, the Defendants state that the Plaintiffs received all of the payments to which they were entitled.

<u>**COUNT III**</u>

<u>**CLASS ACTION ALLEGATIONS**</u>

45.     The Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 44 of the Amended Complaint as if fully set forth herein.

46.     The Defendants admit that the Plaintiffs purport to bring this action as a class action, but deny that this action may be properly maintained as a class action.  The Defendants deny the remaining allegations contained in Paragraph 46 of the Amended Complaint.

GSDOCS\1646197.2

47.     Paragraph 47 contains a statement of those categories excluded from the Plaintiffs' proposed class.  As such, it does not contain factual allegations to which a response is required.

48.     Paragraph 48 states a legal conclusion to which no response is required.  To the extent that this Paragraph is deemed to contain allegations of fact, they are denied.

49.     The Defendants deny the allegations contained in Paragraph 49 of the Amended Complaint.

50.     The Defendants deny the allegations contained in Paragraph 50 of the Amended Complaint.

51.     The Defendants deny the allegations contained in Paragraph 51 of the Amended Complaint.

52.     The Defendants deny the allegations contained in Paragraph 52 of the Amended Complaint.

53.     The Defendants deny the allegations contained in Paragraph 53 of the Amended Complaint.

54.     The Defendants deny the allegations contained in Paragraph 54 of the Amended Complaint.

**COUNT IV**

**DONNA MANCHESTER**

**And Others Similarly Situated**

55.     The Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 54 of the Amended Complaint as if fully set forth herein.

56.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Amended Complaint.

GSDOCS\1646197.2

57.     The Defendants deny that Joan Fabrics et al. laid off Ms. Manchester.  Answering further, the Defendants state that Main Street laid off Ms. Manchester on or about October 3, 2003.

58.     The Defendants admit that on or about October 17, 2003, Main Street provided notice to its employees and to some former employees, including Ms. Manchester, that it intended to permanently close its Fall River, Massachusetts plant by April 30, 2004.  The Defendants deny the remaining allegations contained in Paragraph 58 of the Amended Complaint.

59.     The Defendants deny the allegations contained in Paragraph 59 of the Amended Complaint.  Further answering, the Defendants state that Main Street laid off three employees from October 17, 2003 through November 5, 2003, and that those three employees did not qualify, under the WARN Act, Mass. Gen. Laws c. 149, § 148 or any other law, for any additional payments.  Those employees who were terminated by Main Street from November 6, 2003 through December 5, 2003 were paid for each day from the date of the layoff until 60 days from the date of the October 17, 2003 WARN Notice because they were covered by the Act.

60.     The Defendants deny the allegations contained in Paragraph 60 of the Amended Complaint.

61.     The Defendants deny the allegations contained in Paragraph 61 of the Amended Complaint.

62.     The Defendants deny the allegations contained in Paragraph 62 of the Amended Complaint.

63.     The Defendants deny the allegations contained in Paragraph 63 of the Amended Complaint.

64.    The Defendants admit that Ms. Manchester did not receive any payments from Main Street after being laid off on October 3, 2003.  Further answering, the Defendants state that Ms. Manchester was not entitled to receive any additional payments from Main Street.  The Defendants deny the remaining allegations contained in Paragraph 64 of the Amended Complaint.

65.    The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Amended Complaint.

<u>**COUNT V**</u>

66.    The Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 65 of the Amended Complaint as if fully set forth herein.

67.    The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Amended Complaint.

68.    The Defendants admit the allegations contained in Paragraph 68 of the Amended Complaint.

69.    The Defendants admit that on or about October 17, 2003, Main Street provided notice to its employees and to some former employees that it intended to permanently close its Fall River, Massachusetts plant by April 30, 2004.  The Defendants deny the remaining allegations contained in Paragraph 69 of the Amended Complaint.

70.    The Defendants deny the allegations contained in Paragraph 70 of the Amended Complaint.  Further answering, the Defendants state that Main Street laid off employees on diverse dates before and after October 17, 2003 who did not qualify, under the WARN Act, Mass. Gen. Laws c. 149, § 148 or any other law, for any additional payments.  Those employees who were terminated by Main Street from November 6, 2003 through December 5, 2003 were

paid for each day from the date of the layoff until 60 days from the date of the October 17, 2003 WARN Notice because they were covered by the Act.

71.     The Defendants deny the allegations contained in Paragraph 71 of the Amended Complaint.

72.     The Defendants deny the allegations contained in Paragraph 72 of the Amended Complaint.

73.     The Defendants deny the allegations contained in Paragraph 73 of the Amended Complaint.

74.     The Defendants deny the allegations contained in Paragraph 74 of the Amended Complaint.

## COUNT VI

## STATE CLAIM

75.     The Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 74 of the Amended Complaint as if fully set forth herein.

76.     The Defendants admit that employees laid off from August 2003 through December 2003 did not receive any "vacation" pay for the 2003 work stoppage if they were not employed at the time of the work stoppage.  Further answering, the Defendants state that these individuals were not entitled to any payment for this work stoppage.  The Defendants deny that state law required that the former employees receive such payments.

77.     The Defendants deny the allegations contained in Paragraph 77 of the Amended Complaint.

78.     Paragraph 78 states a legal conclusion to which no response is required.  To the extent that this Paragraph is deemed to contain allegations of fact, they are denied.  The Defendants further deny that the Plaintiffs obtained permission from the Attorney General's

GSDOCS\1646197.2

Office to pursue the instant civil action against them prior to commencing this action, as required by Mass. Gen. Laws c. 149, § 150.

79.    The Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 78 of the Amended Complaint as if fully set forth herein.

80.    The Defendants deny the allegations contained in Paragraph 80 of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Defendants have fully performed their obligations to the Plaintiffs pursuant to both the WARN Act and the Massachusetts payment of wages statute, M.G.L. c. 149 §148 et seq, and therefore the Plaintiffs have no claims pursuant to those statutes.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiffs have suffered no damages for which the Defendants can be held responsible.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiffs have failed to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims under the WARN Act and the Wage Act are barred in whole or in part by the applicable statutes of limitations.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiffs cannot bring a class action in this matter because they have failed to meet, and cannot meet, the requirements of Rule 23 of the Federal Rules of Civil Procedure.

## SIXTH AFFIRMATIVE DEFENSE

The class action allegations of the Amended Complaint should be dismissed because the purported class is not so large that joinder would be impracticable under the governing rules.

-12-

GSDOCS\1646197.2

## SEVENTH AFFIRMATIVE DEFENSE

The class action allegations of the Amended Complaint should be dismissed because the Plaintiffs do not fairly and adequately represent the interest of the members of the alleged class.

## EIGHTH AFFIRMATIVE DEFENSE

The class action allegations of the Amended Complaint should be dismissed because the questions of law and fact common to the purported class do not predominate over individual issues.

## NINTH AFFIRMATIVE DEFENSE

The class action allegations of the Amended Complaint should be dismissed because the Defendants have not acted or have failed to act in a manner generally applicable to the purported class and final declaratory relief is therefore inappropriate with respect to the class as a whole.

## TENTH AFFIRMATIVE DEFENSE

The class action allegations of the Amended Complaint should be dismissed because a class action is not superior to other available means of adjudicating the Plaintiffs' Amended Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

The class action allegations of the Amended Complaint should be dismissed because the Plaintiffs lack standing to assert claims on behalf of the other members of the purported class.

## TWELFTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims under the Wage Act are barred because the Plaintiffs have failed to satisfy the prerequisites set forth in G.L. c. 149, § 150 prior to bringing suit.

GSDOCS\1646197.2

WHEREFORE, the Defendants respectfully request that the Court:

1.    Dismiss the Amended Complaint with prejudice;

2.    Award the Defendants costs and reasonable attorneys' fees; and

3.    Grant such further relief as the Court deems just and equitable.


MAIN STREET TEXTILES, L.P.
JOAN FABRICS SERVICES, LLC
JOAN FABRICS CORPORATION

By their attorneys,


/s/ Neil V. McKittrick
Neil V. McKittrick (BBO# 551386)
Elizabeth L. Schnairsohn (BBO# 658532)
GOULSTON & STORRS
A Professional Corporation
400 Atlantic Avenue
Boston, MA  02210
617-482-1776
nmkittrick@goulstonstorrs.com


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing and

that all counsel of record are so registered.


/s/ Neil V. McKittrick
Neil V. McKittrick

Dated:  September 7, 2006