**Donna Manchester et al.**
**VS. Main Street Textiles, L.P. et al**
**C.A. No.: 04-10439RGS**

6

---

[6] The Worker Adjustment and Restraining Notification Act (WARN, the statute, or the Act), Pub. L. 100-379, 102 Stat. 890, was enacted on August 4, 1998. 29 U.S.C. 2101 et seq. Section 11 of the Act provides that WARN goes into effect on February 4, 1989. WARN provides that, with certain exceptions, employers of 100 or more workers must give at least 60 days' advance notice of a plant closing or mass layoff to affected workers or their representatives, to the State dislocated worker unit (see 29 U.S.C. 1661(b)(2)), and to the appropriate local government. 29 U.S.C. 2902 and 2903. Section 8(a) of the Act requires that the Secretary of Labor "prescribe such regulations as may be necessary to carry out this Act. Such regulations shall, at a minimum, include interpretative regulations describing the method by which employers may provide for appropriate service of notice as required by this Act." 29 U.S. 2107(a). Under section 11 of the Act, the authority to issue regulations for Warn became effective on August 4, 1988. In response to the authority to issue regulations, the US Department of Labor prepared regulations relative to the WARN Act. In the preamble to the regulations, the Department of Labor documented the method for calculating the time frame to determine when notice is required. The Department of Labor incorporated the method of calculation in a booklet entitled "Employer's Guide to Advance Notice of Closings and Layoffs", the relevant pages of which are incorporated herein as Exhibit 11. (See attached.)



# WARN

Worker Adjustment and Retraining Notification (WARN) Act

## EMPLOYER'S
Guide to
Advance Notice
of Closings and Layoffs



eta



## CIRCUMSTANCES THAT DO NOT TRIGGER WARN

WARN is not triggered when a covered employer:

- Closes a temporary facility or completes a temporary project, and the employees were hired with the clear understanding that their employment would end with the closing of the facility or the completion of the project; or

- Closes a facility or operating unit due to a strike or lockout and the closing is not intended to evade the purposes of the WARN Act.

WARN is also not triggered when the following various thresholds for coverage are not met:

- If a plant closing or mass layoff results in fewer than 50 people losing their jobs at a single site of employment;

- If 50-499 workers lose their jobs and that number is less than 33% of the employer's total active workforce at a single site;

- If a layoff is for 6 months or less; or

- If work hours are not reduced 50% in each month of any 6-month period.

## CALCULATING THE TIMEFRAME TO DETERMINE WHEN WARN NOTICE IS REQUIRED

WARN looks at the employment losses that occur over a 30-day period. For example, if an employer closes a plant which employs 50 workers and lays off 40 workers immediately, and then lays off the remaining 10 workers 25 days later, that is a covered plant closing.

WARN also looks at the employment losses that occur over a 90-day period. An employer is required to give advance notice if it has a series of small terminations or layoffs, none of which individually would be covered under WARN but which add up to numbers that would require WARN notice. An

6



employer is not required to give notice if it can show that the individual events occurred as a result of separate and distinct actions and causes and are not an attempt to evade WARN.

The Preamble to the WARN Act regulations gives an example of 90-day aggregation. It suggests that an employer should look ahead and behind 90 days to determine whether separate but related events would trigger coverage. Below is a specific example of a situation in which 90-day aggregation might apply under WARN.

- DAY 1    Company has 180 employees
- DAY 2    Company terminates 30 employees
           *(150 is now the number for WARN computations)*
- DAY 31   Company terminates 29 employees
           *(now 121 remaining employees)*
- DAY 60   Company terminates 6 employees
           *(115 remaining employees)*
- DAY 90   Company terminates 5 employees
           *(110 remain)*

Assuming no notice was given, the company is liable to all 70 employees who were terminated because the mass layoff threshold has been reached through separate actions that did not occur for separate and distinct causes within this 90-day period. All employees terminated within the 90 days have suffered a mass layoff and are entitled to 60 days' notice before the date of termination. For this purpose, the date on which the company size is measured is Day 1. (Note that aggregation periods are rolling and the second layoff starts a second 90-day period where the applicable workforce is 121 workers.)

7