**goulston&storrs**
counsellors at law

Neil V. McKittrick
nmckittrick@goulstonstorrs.com
(617) 574-7904 Tel
(617) 574-7588 Fax

January 17, 2007

The Honorable Richard Stearns
United States District Court for the
 District of Massachusetts
John Joseph Moakley US Courthouse
1 Courthouse Way
Boston, MA 02210

> Re: <u>Manchester, et al. v. Main Street Textiles, et al.</u>
> Civil Action No. 04-10439RGS

Dear Judge Stearns:

I write in response to a letter dated January 15, 2007 from the plaintiffs' counsel which included a document that had not been part of the plaintiffs' summary judgment submissions in this matter. The new document, which consists of two pages from a Department of Labor document entitled "Employer's Guide to Advance Notice of Closings and Layoffs," does nothing to change the analysis of the issues in this case.

As an initial matter, the first page of the guide states that it "is not an official statement of interpretation of [the] WARN [Act] or of the regulations adopted by ETA [the Department of Labor's Employment and Training Administration]". (A copy of this page of the guide is attached.) Thus, nothing in the guide may override the plain language of the WARN Act or the regulations, or the cases interpreting the Act to which defendants have previously cited.

Second, the 90 day aggregation rule upon which plaintiffs rely, only applies if there has not been a "mass layoff" within a 30 day period that triggers WARN. <u>See, e.g., Roquet v. Arthur Andersen</u>, 2004, U.S. Dist. LEXIS 3909, *11-12 (N.D. Ill. 2004) ("Clearly, Congress intended that Section 2102(d) [the 90-day aggregation rule] only applies if 2101(a)(2) [plant closing] or 2101(a)(3) [mass layoff] are not met."). The example from the Guide upon which the plaintiffs rely involves a situation in which there was not a mass layoff that triggered WARN in any 30 day period. However, in this case, it is undisputed that there was a "mass layoff" under the Act between November 6 and December 5, 2003. Accordingly, the plaintiffs' new Exhibit 11 does nothing to undermine the Defendants' argument that the WARN Act does not apply to plaintiffs, who were not part of the mass layoff, and the defendants are therefore entitled to summary judgment.

Very truly yours,

*Neil V. McKittrick*

Neil V. McKittrick

NVM/ljd
GSDOCS\01074:0016\1686373.1

cc: Brian Cunha, Esq.